REGAN, Judge.
The plaintiff, Gus Elfer Company, Inc., a sub-contractor, instituted this suit against the defendants, Mrs. Mazie A. Guidry, the owner of the property designated by the Municipal No. 2013 Canal Street, in the City of New Orleans, L. J. Construction Company, Inc., the general contractor, and Michael Culligan, Jr., surety therefor, endeavoring to have its lien and privilege recognized against the above property and to recover a personal judgment in the sum of $240.61.
The defendant, Mrs. Guidry, answered and denied that she was indebted unto plaintiff in any sum whatsoever and asserted that she had paid the surety any balance which was due to> the plaintiff.
The defendants, L. J. Construction Company, Inc., and the surety answered and generally denied that they were indebted unto the plaintiff in any sum whatsoever.
There was judgment recognizing plaintiff’s lien and privilege against the property bearing the Municipal No. 2013 Canal Street and a personal judgment in plaintiff’s favor in the sum of $240.71 against Mrs. Guidry and L. J. Construction Company, Inc. Plaintiff’s suit against the surety was dismissed! From this judgment *83 Mrs. Guidry alone has prosecuted this appeal.
The record reveals that the plaintiff furnished and installed one-quarter inch All Purpose Vinyl Tile in the property of Mrs. Guidry at the request of L. J. Construction Company, Inc., which was the general contractor employed by Mrs. Guidry to remodel the property designated herein-above. The contract between Mrs. Guidry and L. J. Construction Company, Inc., was recorded and, as stated aforesaid, Michael Culligan, Jr., was surety thereon. When Mrs. Guidry failed to pay the plaintiff the balance due, it recorded a lien in the Mortgage Office for the Parish of Orleans and then filed this suit for a personal judgment against the defendants and recognition of its lien against the property.
On the trial hereof in the lower court counsel for Mrs. Guidry conceded that she was indebted to plaintiff, the sub-contractor, at least to the extent of $221 and, under cross-examination, Mrs. Guidry admitted that she did not pay the balance which she owed to the plaintiff, but asserted that it was paid to the surety. Of course, if Mrs. Guidry has any claim against the contractor or his surety it should properly be asserted in proceedings other than this one. Therefore, the only amount which remains in dispute herein is the sum of $19.61, which the trial judge found to be due and owing to the plaintiff. Our examination of the record fails to disclose any error in his factual conclusions for the reason that Mrs. Guidry failed to introduce into the record one iota of evidence to contradict the plaintiff’s positive testimony that the sum of $240.61 was owed to it.
Since the L. J. Construction Company, Inc., chose not to appeal from the judgment rendered by the lower court that phase of its decision is not posed for our consideration.
The trial judge inadvertently awarded plaintiff the sum of $240.71, whereas the record reveals that the correct amount should have been $240.61.
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof from $240.71 to $240.61 and, as thus amended, it is affirmed.
Amended and affirmed.